UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DERRICK ANDERSON,

                Plaintiff,

v.

R.N. SERENA, et al.,

                Defendants.

Case # 12-CV-6039-FPG

DECISION & ORDER

*Pro se* Plaintiff Derrick Anderson has requested that the Court appoint counsel to represent him in this action, asserting that his "education on the law is limited," that he doesn't "have trial experience" and that he is "no match for defendants attorneys who passed the bar exam, and who have paralegals and computers." Dkt. # 36. Plaintiff has previously requested the appointment of counsel on two separate occasions in this action, *see* Dkt. ## 11, 21, and both of those applications were denied. I would note that in his original application, Plaintiff advanced the same justification that he advances here – that his "education on the law is extremely limited." Dkt. # 11.

There is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the trial court's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The court must consider the issue of appointment carefully, because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining

assign counsel, the court considers several factors, including whether the indigent's claims seem likely to be of substance; whether the indigent is able to investigate the facts concerning his claim; whether the legal issues are complex; and whether there are special reasons why the appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

After considering these factors, I find that the appointment of counsel is not warranted in this case, for the same reasons previously articulated by Magistrate Judge Jonathan W. Feldman in his October 22, 2012 Decision and Order. *See* Dkt. # 20. The claims presented in this case – that Plainitff was denied adequate medical care while he was in custody at the Erie County Holding Center – are not complex, and from reading the Plainitff's prior submissions, he appears to be articulate and has demonstrated the ability to adequately present his own claims. In addition, there are no special reasons that would favor the appointment of counsel. It remains Plaintiff's responsibility to either retain counsel, or to press forward with this action *pro se*.

Based upon the foregoing, Plaintiff's request for the appointment of counsel (Dkt. # 36) is in all respects DENIED.

SO ORDERED.

Dated: Rochester, New York
September 23, 2014

HON. FRANK P. GERACI, JR.
United States District Judge