

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____
DERRICK ANDERSON,

      Plaintiff,    DECISION AND ORDER
v.             12-CV-6039

NURSE SERENA BUIE, et al,

      Defendants.
_____

### Preliminary Statement

Currently pending before the Court are pro se Derrick Anderson's (hereinafter "Anderson" or "plaintiff") fourth and fifth motions to appoint counsel. (Docket ## 50, 61). On two previous occasions this Court reviewed and denied plaintiff's request for appointed counsel, first on October 22 and again on November 8, 2012. (Docket # 20, 22). In addition, Chief Judge Geraci denied a similar request to appoint counsel on September 23, 2014. (Docket # 42). All of these decisions found that plaintiff "appears to be articulate and has demonstrated an ability express his own claims adequately," and that "plaintiff's claims are [not] particularly complex." See Docket # 20.

Anderson's instant motions come on the heels of Judge Geraci's December 23, 2015 Decision and Order denying the majority of defendants' motion to dismiss. See Decision and Order (Docket # 44). On February 4, 2016, following entry of Judge Geraci's Decision and Order, this Court held a scheduling

conference with the parties. At the conclusion of the conference, a scheduling order was issued.[1] (Docket # 59). Pursuant to the scheduling order, the parties are currently engaged in discovery.

## Discussion

The Court has reviewed Judge Geraci's Order denying defendants' motions to dismiss, as well as plaintiff and defendants' motion papers on the instant motions. Based on that review, I find that plaintiff's latest motion for counsel should be **denied without prejudice.**

I have considered multiple factors in whether or not to assign counsel to plaintiff[2] and I remain convinced that at this juncture in litigation, Anderson has the ability to prosecute his claims pro se. Based on the scheduling conference I conducted with plaintiff on February 4, 2016, I found plaintiff

---

[1] Plaintiff filed one motion for appointment of counsel before the scheduling conference (Docket # 50 filed January 11, 2016) and another after the scheduling conference (Docket # 61 filed February 11, 2016).

[2] The factors to be considered in deciding whether or not to assign counsel include (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claims; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. See Order Denying Motion to Appoint Counsel (Docket # 20) at 1-2 (citing Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997)).

capable of explaining his legal claims and discovery concerns. This finding is consistent with plaintiff's previous filings in this case, including his comprehensive response to the defendants' motion to dismiss. See Docket #35. In the time since filing his instant motions to appoint counsel, plaintiff has engaged in ongoing discovery, serving and responding to requests for admissions and interrogatories, and filing motions to compel discovery when he has not received the documents or responses he seeks. See Docket ## 78, 79, 82, 84, 94, 101-05, 108, 109, 111, 114, 115. Moreover, plaintiff has asserted no new facts or deficiencies that cause this Court to alter or reconsider its prior determination that plaintiff is fully capable of proceeding pro se.

## Conclusion

For the above reasons as well as those stated previously by the Court (Docket ## 20, 22, 42), plaintiff's motion to appoint counsel is **denied without prejudice.**

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:  September 7, 2016
        Rochester, NY

3